IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALVIN C. THOMPSON,
    Plaintiff,

vs.                                        Case No. 3:10cv74/MCR/CJK

R. QUINN, et al.,
    Defendants.
_____

## REPORT AND RECOMMENDATION

      This prisoner civil rights case is before the court upon several motions (docs. 58, 68, 79, 80), all pertaining to the issue of whether plaintiff's second amended complaint should be dismissed as malicious for plaintiff's failure to disclose his litigation history as required by the court-issued prisoner civil rights complaint form. Having conducted a careful review of the record and the arguments presented, the court concludes that plaintiff abused the judicial process by failing to disclose his litigation history, and that an appropriate sanction for plaintiff's misconduct is dismissal of this case without prejudice.

## PROCEDURAL HISTORY

      Plaintiff initiated this case on January 5, 2010, by filing a letter in the United States District Court for the Middle District of Florida ("Middle District"). (Doc. 1). The Middle District construed the letter as a civil rights complaint, and transferred

the case to this court on January 26, 2010. (Doc. 5). On April 26, 2010, plaintiff filed an amended complaint on the court-issued prisoner civil rights complaint form. (Doc. 11). The two named defendants, defendants Byrd and Quinn, were served and filed an answer. (Doc. 39). On July 18, 2011, the court granted plaintiff's motion to to amend to add an additional defendant. (Doc. 53). Plaintiff's second amended complaint, dated June 24, 2011, took effect on July 18, 2011. (Doc. 54). Three days later, defendants Byrd and Quinn moved to dismiss the second amended complaint as malicious under 28 U.S.C. § 1915(e)(2)(B)(i), for plaintiff's abuse of the judicial process in failing to disclose his litigation history. (Doc. 58). Plaintiff responded (doc. 67) and filed a separate motion (doc. 68) requesting that defendants' motion be dismissed and that plaintiff be granted leave to amend to disclose plaintiff's prior litigation history and to clarify that the suit is against the defendants individually. Plaintiff attached to his motion a proposed third amended complaint. (Doc. 69). Defendants responded in opposition to plaintiff's motion. (Doc. 71). Plaintiff later filed a document titled, "Plaintiff's Response in Opposition to Defendants' Opposition to Plaintiff's Motion to Dismiss Defendants' Motion for Sanctions." (Doc. 78). Defendants moved to strike that filing. (Doc. 79). Just today, plaintiff filed an amended motion to dismiss defendants' motion to dismiss, and for leave to amend (doc. 80), with a proposed fourth amended complaint (doc. 81).

PLAINTIFF'S RESPONSES TO QUESTIONS ON THE COMPLAINT FORM
DIRECTING DISCLOSURE OF PLAINTIFF'S LITIGATION HISTORY

Plaintiff filed his first and second amended complaints on the court-issued civil rights complaint form. (Docs. 11, 54). The complaint form has a section entitled "Previous Lawsuits," where the prisoner-plaintiff is directed to list "all prior civil cases." (*See* Doc. 11, p. 3; Doc. 54, p. 3). The warning for violating the order

appears in bold, capitalized font: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 11, p. 3; Doc. 54, p. 3). The complaint form directs the prisoner-plaintiff to answer the following four questions:

(A) "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?"

(B) "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?"

(C) "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"

(D) "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?"

(Doc. 11, pp. 3-4; Doc. 54, pp. 3-4) (emphases in original). Following each question are parenthetical areas to mark either a "Yes" or "No" answer to that question. The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary.

Plaintiff's first and second amended complaints provide the same responses to Questions A, B and D. (Doc. 11, pp. 3-4; Doc. 54, pp. 3-4). Plaintiff responded "No" to each question and disclosed no cases. (*Id*.). Plaintiff's responses to Question C were different. Plaintiff's first amended complaint marked "Yes" in response to

Question C, and disclosed one case – a federal habeas action plaintiff filed in 2010. (Doc. 11, p. 4). Plaintiff's second amended complaint did not disclose that case. Plaintiff instead marked "No" in the relevant parenthetical area. (Doc. 54, p. 4). Plaintiff certified the accuracy of his first and second amended complaints by signing each of them after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (Doc. 11, p. 9; Doc. 54, p. 9).

## PLAINTIFF'S LITIGATION HISTORY

<u>Plaintiff's Federal Litigation</u>

The following facts are undisputed. Plaintiff, in between the filing of his first and second amended complaints, initiated a new civil rights action in this court. On October 7, 2010, plaintiff filed *Thompson v. Butler*, Case No. 3:10cv409/MCR/MD, in which plaintiff complained that prison officials deprived him of his personal property without due process. (Doc. 58, Ex. C; *see also* Case No. 3:10cv409, Doc. 1). The case was dismissed on December 8, 2010, prior to service, under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim. (*Id.*, *see also* Case No. 3:10cv409, Docs. 9, 10). Plaintiff filed a post-judgment motion, which was denied on January 7, 2011. (*Id.*, *see also* Case No. 3:10cv409, Doc. 15). Plaintiff did not disclose Case No. 3:10cv409 in his second amended complaint signed on June 24, 2011, even though Questions (C) and (D) required disclosure.

<u>Plaintiff's State Litigation</u>

The following facts are also undisputed. Plaintiff, at the time he signed and filed his first amended complaint on the court-issued form, had initiated three actions in the Circuit Court for Leon County, Florida:

(1)  *Alvin C. Thompson v. James McDonough,, Sec'y, FL Dep't of Corrections*, Case No. 07-CA-2779, a mandamus action filed on October 3, 2007.

(2)  *Alvin C. Thompson v. Walter A. McNeil, Sec'y FL Dep't of Corrections*, Case No. 08-CA-3068, a mandamus action filed on September 16, 2008.

(3)  *Alvin C. Thompson v. Walter A. McNeil Sec'y FL Dep't of Corrections*, Case No. 08-CA-3069, a mandamus action filed on September 16, 2008 and later transferred to the Santa Rosa County Circuit Court.

(Doc. 58, Ex. D). Plaintiff indicates in his proposed third and fourth amended complaints that these actions challenged the validity of certain disciplinary convictions. (Doc. 69, p. 5; Doc. 81, p. 5). Plaintiff did not disclose any of these cases in his first or second amended complaint, even though Question (C) required disclosure.

Plaintiff initiated the following additional eight cases in the Leon County Circuit Court after he submitted his first amended complaint to this court, but before he signed his second amended complaint:

(1)  *Alvin C. Thompson v. Jeff Straley, FDOC Inmate Accounting*, Case No. 10-CA-2329, a mandamus action filed on July 6, 2010.

(2)  *Alvin C. Thompson v. M. L. Deidrick, Dep't of Corrections*, Case No. 10-CA-2530, a mandamus action filed on July 22, 2010.

(3)  *Alvin C. Thompson v. Walter A. McNeil, Sec'y FL Dep't of Corrections*, Case No. 10-CA-3913, a mandamus action filed on November 16, 2010.

(4)  *Alvin C. Thompson v. R. W. Romine, M. L. Deidrick, et al.*, Case No. 10-CA-4109, a tort action filed on December 3, 2010.

(5)  *Alvin C. Thompson v. Walter A. McNeil, Sec'y FL Dep't of Corrections*, Case No. 10-CA-4137, a tort action filed on December 8, 2010.

(6) *Alvin C. Thompson v. Dep't of Corrections*, Case No. 11-CA-1548, a mandamus action filed on June 14, 2011.

(7) *Alvin C. Thompson v. Dep't of Corrections*, Case No. 11-CA-1638, a mandamus action filed on June 22, 2011.

(8) *Alvin C. Thompson v. Dep't of Corrections*, Case No. 11-CA-1639, a mandamus action filed on June 22, 2011.

(Doc. 58, Ex. D). Plaintiff indicates in his proposed third and fourth amended complaints that these actions challenged, respectively: (1) an inmate accounting issue, (2) a prison procedure, (3) a disciplinary conviction, (4) an "overturned DR," (5) an "overturned DR," (6) a disciplinary conviction, (7) a disciplinary conviction, and (8) a disciplinary conviction. (Doc. 69, pp. 5-7; Doc. 81, pp. 5-7). Plaintiff did not disclose any of these cases on the second amended complaint form signed on June 24, 2011, even though Question (C) required disclosure.

Plaintiff also failed to disclose prior civil actions he filed in the Circuit Court for Santa Rosa County, Florida. Plaintiff, at the time he signed his first amended complaint, had previously initiated two civil actions in the Circuit Court for Santa Rosa County, Florida:

(1) *Alvin C. Thompson v. D. Ellis, Warden*, Case No. 09-CA-1554, a mandamus action filed on September 3, 2009.

(2) *Alvin C. Thompson* [*v. Unnamed Defendant*], Case No. 09-CA-1555 , a tort action filed on September 3, 2009.

(Doc. 58, Ex. E). Plaintiff indicates in his proposed third and amended complaints that these actions involved the loss of plaintiff's property. (Doc. 69, p. 7; Doc. 81, p. 7). Plaintiff did not disclose these state cases on the first <u>or</u> second amended complaint forms, even though Question (C) required disclosure. In addition, plaintiff

failed to disclose another civil action he filed in the Santa Rosa County Circuit Court <u>after</u> he submitted his first amended complaint in this case, but <u>before</u> he signed his second amended complaint: *Alvin C. Thompson v. Correctional Officer L. Brock*, Case No. 10-CC-1774, a tort action plaintiff filed on November 17, 2010. (Doc. 58, Ex. E; Doc. 69, p. 7). Plaintiff indicates in his proposed amended complaints that this action also involved the loss of plaintiff's property. (Doc. 69, p. 7; Doc. 81, p. 7). Plaintiff did not disclose this state case on the second amended complaint form signed on June 24, 2011, even though Question (C) required disclosure.

## ANALYSIS

Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the court to dismiss this case at any time if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's conduct in this case constitutes an abuse of the judicial process and is malicious. Plaintiff's responses on the first and second amended complaint forms stated, in effect, that plaintiff had initiated no other actions in state or federal court relating to the fact or duration of plaintiff's confinement or the conditions of his confinement; and that plaintiff had never had any action in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service. Plaintiff's responses were false, as demonstrated above. Plaintiff knew from reading the complaint form that disclosure of all prior actions was required. Plaintiff also knew the consequences of disregarding the disclosure requirement. Plaintiff failed to disclose not one, but several cases. All of the omitted cases were recent, at least at

the time plaintiff was required to disclose them.  Plaintiff, essentially ignored the court's disclosure requirements, made false omissions not once but twice, and certified the complaints' accuracy even though the complaints were incorrect.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The court has the authority to control and manage matters such as this pending before it, and plaintiff's false responses should not go unpunished.

Plaintiff acknowledges that he did not truthfully complete the complaint forms and that he failed to disclose at least15 cases that were subject to disclosure.  Plaintiff explains:

> It was not in any way plaintiff's intended premedi[t]ated intentions to deceive, manipulate and/or be malicious upon the court as the defense tries to manipulate the mind(s) of this court from presuasion [sic].  It was an act of carelessness by plaintiff nothing more, nothing less and plaintiff does openly except [sic] that a strike is placed upon him because a valuable lesson has been learned and plaintiff prays to be forgiven by all.

(Doc. 67, p. 1; Doc. 68, pp. 1-2; *see also* Doc. 80, pp. 1-2).  Plaintiff apparently agrees that a sanction is appropriate, and further agrees that an appropriate sanction is the imposition of a "strike" under 28 U.S.C. § 1915(e)(2)(B).  Plaintiff nonetheless argues that the court should impose a strike <u>without</u> dismissing this case, and allow plaintiff to cure his misconduct by filing his proposed fourth amended complaint. (Docs. 68, 80).

What plaintiff describes as "carelessness" is, in fact, a complete disregard for the court, the judicial process, the known consequences of non-disclosure, and the

penalties of perjury (i.e., certifying the complaints' accuracy even though the complaints were incorrect). Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.

Plaintiff's suggestion that the court impose a "strike" without dismissing this case is untenable. The "3 strikes" provision contained in § 1915(g), provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States <u>that was dismissed</u> on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (2011). The plain language of the statute provides that a strike is incurred only upon <u>dismissal</u> of a civil action for one of the enumerated reasons. This case will not count as a "strike," unless it is dismissed.

The undersigned believes that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements and responses is to dismiss this case without prejudice as malicious. Such dismissal will enable plaintiff to refile his complaint, with correct responses to the questions asked, in a new civil rights case. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); *see also, e.g., Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (holding that district court did not abuse its discretion by dismissing prisoner's amended civil rights complaint without prejudice for abuse of

the judicial process, where prisoner's amended complaint failed to disclose a federal lawsuit the prisoner initiated after the filing of his initial complaint but prior to the filing of his amended complaint); *Shelton v. Rohrs*, 406 F. App'x 340 (11th Cir. 2010) (holding that district court did not abuse its discretion in dismissing prisoner's case without prejudice for abuse of the judicial process, where prisoner failed to disclose four previous civil actions; rejecting prisoner's argument that dismissal of complaint without prejudice was improper because prisoner did not intend to mislead the court and was simply unaware of the law); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir. 2010) (holding that district court did not abuse its discretion in dismissing prisoner's case without prejudice for abuse of the judicial process, where prisoner failed to disclose two federal cases).[1]

Accordingly, it is respectfully RECOMMENDED:

1. That defendants' motion to dismiss (doc. 58) be GRANTED.

2. That this cause be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

3. That plaintiff's "Motion to Dismiss Dismissal of Complaint by Defendants' Undersigned Counsel with Leave of Court to Amend Complaint Disclosing Prior Filings . . ." (doc. 68) be DENIED.

4. That plaintiff's "Amended Motion to Dismiss Dismissal of Complaint by Defendants' Undersigned Counsel with Leave of Court to Amend Complaint disclosing Prior Filings to Include Appeals" (doc. 80) be DENIED.

5. That defendants' motion to strike (doc. 79) be DENIED.

---

[1] The undersigned cites these unpublished cases only as persuasive authority and recognizes that the opinions are not considered binding precedent. *See* 11th Cir. R. 36-2.

*Case No: 3:10cv74/MCR/CJK*

6. That all other pending motions be DENIED AS MOOT.

7. That the clerk be directed to close the file.

At Pensacola, Florida this 20th day of October, 2011.

*/s/ Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).